ADAM BRAVERMAN
United States Attorney
KATHERINE L. PARKER
Assistant U.S. Attorney
California Bar No. 222629
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7634
Fax: (619) 546-7751
Email: Katherine.parker@usdoj.gov

Attorneys for the United States and
DEA Agent Mario Borboa

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM SHERMAN, et al.,<br><br>　　　　　Defendant.<br>In re Subpoena Proceedings (Superior Court, State of California, v. Agent Mario Borboa, employee of Drug Enforcement Administration) | Case No.: **'18CV1974 BEN AGS**<br><br>NOTICE OF REMOVAL OF SUBPOENA AND BENCH WARRANT PROCEEDINGS AGAINST FEDERAL AGENT<br><br>Removed from Superior Court of California, County of San Diego, Case No. SCS 298500 |

TO THE UNITED STATES DISTRICT COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The United States of America and Drug Enforcement Administration (DEA) Agent Mario Borboa respectfully notice the removal of subpoena proceedings against

a federal agent in a state court criminal case, including the Superior Court Judge's related bench warrant, from state court. The grounds for removal are:

1. On or about July 23, 2018, William Sherman ("Defendant"), through his attorney William Daley, caused two state court subpoenas to be issued to DEA Agent Mario Borboa, for appearance on August 23, 2018 and on September 10, 2018, and for production of records. These subpoenas were provided to counsel for the DEA, who then provided them to the U.S. Attorney's Office. (Attached as **Exhibit 1** to this notice of removal.)

2. On or about July 27, 2018, counsel for Sherman provided an affidavit setting forth the reasons for requesting Agent Borboa's testimony and documents. (Attached as **Exhibit 2** to this notice of removal.)

3. Agent Mario Borboa is employed by the United States Drug Enforcement Administration, a federal agency within the Department of Justice.

4. On August 20, 2018, undersigned counsel sent a letter to Mr. Daley, explaining that the state court subpoena could not be enforced against a federal agent, and explaining the Department of Justice's reasons for declining to authorize Agent Borboa to testify or produce records. (Attached as **Exhibit 3** to this notice of removal.)

5. On August 23, 2018, pursuant to the Department of Justice's decision not to authorize his appearance, Agent Borboa did not appear in state court. That day, the undersigned counsel received a voicemail from Mr. Daley which stated that "the judge issued a warrant for him," and that it is "set for a hearing on Tuesday on the warrant."

6. Also on August 23, 2018, the Deputy DA prosecuting Mr. Sherman sent an email to counsel for the DEA stating that "Defense attorney William Daley requested a bench warrant/warrant of attachment for Special Agent Borboa and it was granted. I countered with having it issued, but held, so I could communicate this to your agency. Judge agreed, but held only until next

Tuesday, 8/28, at 8:30, D9, Judge Haehnle expects Borboa and legal counsel to appear. He had issue with the fact that the only response to Daley's sub was just a letter to him, and not a motion to quash, etc.. " (Attached as **Exhibit 4** to this notice of removal.)

7. According to the controlling law of this federal judicial circuit, "[a]t least part of the purpose of Sec. 1442(a)(1) is to prevent state courts from unlimited exercise of their subpoena power against federal officers upon pain of contempt. The form of the action is not controlling; it is the state's power to subject federal officers to the state's process that Sec. 1442(a)(1) curbs." *Nationwide Investors v. Miller*, 793 F.2d 1044, 1047 (9th Cir. 1986). *See also In re Elko County Grand Jury*, 109 F.3d 554, 556 (9th Cir. 1997) (citing cases and holding that sovereign immunity bars enforcement of state court subpoena against federal official).

8. Removal of this case is appropriate under 28 U.S.C. § 1442 because a state court has entertained and commenced a contempt proceeding against a subpoenaed federal employee. Section 1442(a)(1) provides for removal in cases commenced in a state court against the United States, its agencies and officers. Accordingly, this suit is properly subject to removal, without bond, under 28 U.S.C. § 1442(a)(1). This is so because the proceedings to be removed are pending in a state court located within this judicial district.

9. As a further basis for removal, the United States anticipates raising several federal defenses to the subpoena proceedings, including but not limited to the United States' sovereign immunity. *See In re Elko County Grand Jury*, 109 F.3d at 556 (noting that "state court lacked jurisdiction to subpoena . . . [the federal employee] and could not have issued a bench warrant had he refused to comply with the subpoena."); *Swett v. Schenk*, 792 F.2d 1447, 1452 (9th Cir. 1986) (noting that "the state court lacked jurisdiction to enter its [contempt] order in the first instance."); *Civiletti v. Municipal Court*, 172 Cal. Rptr. 83, 86 (1981)

*Notice of removal of subpoena proceedings*

(noting that "an attempt to compel compliance with either subpoena by the Attorney General founders like the Titanic on the hard rock of sovereign immunity.").

10. The United States Attorney for the Southern District of California received notification of the existence of the subpoenas and the subsequent state court proceedings through DEA counsel. The subpoenas are attached in compliance with the provisions of 28 U.S.C. § 1446(a). [*See* Exs. 1-2.]

A copy of this notice of removal will be filed in state court and served on counsel for all parties in the underlying action. For these reasons, the subpoena enforcement proceedings and related bench warrant issued against Agent Mario Borboa are removed to this federal district court.

DATED:     August 24, 2018                Respectfully submitted,

ADAM BRAVERMAN
United States Attorney

 s/ Katherine L. Parker
KATHERINE L. PARKER
Assistant United States Attorney
Attorneys for the United States

*Notice of removal of subpoena proceedings*

4