UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENA PROCEEDINGS<br><br>(SUPERIOR COURT, STATE OF CALIFORNIA v. AGENT BORBOA, EMPLOYEE OF THE DRUG ENFORCEMENT AGENCY) | Case No.: 18-CV-1974 JLS (AGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO QUASH**<br><br>(ECF No. 3) |

Presently before the Court is the United States and Agent Mario Borboa's (collectively the "United States") Motion to Quash Subpoenas and Vacate Bench Warrant. ("Motion to Quash," ECF No. 3.) Also before the Court is state court Defendant William Sherman's Opposition to the Motion, ("Opp'n," ECF No. 4.), and the United States' Reply, ("Reply," ECF No. 5.) Having considered the parties' arguments and the law, the Court rules as follows.

## BACKGROUND

This motion arises from two state court subpoenas issued to Federal DEA Agent Mario Borboa on July 23, 2018, by Defendant William Sherman through his attorney William Daley. (ECF No. 1 at 2.) The subpoenas stem from a state criminal action, *People of the State of California v. William Sherman*, case number SCS298500, currently pending

in the San Diego Superior Court. The subpoenas required appearances by Agent Borboa on August 23, 2018, and September 10, 2018, as well as production of records. (*Id.*)

After receiving the subpoenas, the United States responded with a letter to Mr. Daley explaining why the Department of Justice was declining to authorize Agent Borboa to testify or produce the requested records, and why the state court subpoenas were unenforceable. (*Id.*) On August 23, 2018, Agent Borboa did not appear at the state court hearing pursuant to the Department of Justice's decision. The state court issued a bench warrant/warrant of attachment for Agent Borboa at that hearing for his failure to appear. (*Id.*) The next day, the United States properly removed only the subpoena/contempt proceedings to this Court under Section 1442(a)(1) of Title 28 of the United States Code. (*See* ECF No. 1.) The United States then filed the Motion to Quash now before the Court.

## ANALYSIS

The outcome of this Motion turns on whether this Court has jurisdiction under the doctrine of derivative jurisdiction. To resolve that question, it must first determine whether the state court had jurisdiction to issue and enforce the subpoena directed against Federal Agent Borboa.

### I. Derivative Jurisdiction

Section 1442 of Title 28 of the United States Code governs removal in cases involving "federal officers or agencies sued or prosecuted." 28 U.S.C. § 1442(a). Both state court subpoenas and contempt actions directed at federal employees are removable actions under section 1442(a). *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986) (holding a contempt actions against federal officials may be removed under section 1442(a)); *Nationwide Investors v. Miller*, 793 F.2d 1044, 1047 (9th Cir. 1986) (holding state court subpoena orders directed against federal employees are actions properly removed to federal court). Agent Borboa is a federal officer, against whom the state court issued a subpoena and bench warrant for contempt. Therefore, removal under 28 U.S.C. § 1442(a)(1) was proper.

///

In cases removed from state court under section 1442, the doctrine of derivative jurisdiction applies. *See Fed. Bureau of Investigation v. Superior Court of Cal.*, 507 F. Supp. 2d 1082, 1092 (N.D. Cal. 2007). Under the doctrine, a federal court's jurisdiction is derivative of the state court's jurisdiction—if the state court lacks jurisdiction, the federal court acquires none upon removal, even if it would have had jurisdiction had the case originally been filed in federal court. *Beeman v. Olson*, 828 F. 2d 620, 621 (9th Cir. 1987). "Accordingly, this Court must examine whether the state court from which the present matter was removed had jurisdiction to enforce the state court subpoenas and order. If the state court lacked jurisdiction to enforce the subpoenas and order, they must be quashed." *Fed. Bureau of Investigation*, 507 F. Supp. 2d at 1092.

## II. State Court Jurisdiction

"The basic rule of sovereign immunity is that the United States cannot be sued" unless Congress expressly waives immunity. *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Absent a congressional waiver, sovereign immunity applies to suits against government employees, unless a recognized exception applies. *Dugan v. Rank*, 372 U.S. 609, 621 (1963). The Ninth Circuit has held that in "cases involving § 1442(a) removals of state subpoena proceedings against unwilling federal officers . . . sovereign immunity bars the enforcement of the subpoena." *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 556 (9th Cir.1997).

The United States argues the state court lacks jurisdiction to issue the subpoenas because Agent Borboa is a federal agent, and thus immune from suit. (Motion to Quash at 3.) There has been no waiver of sovereign immunity and no exceptions to sovereign immunity apply. (*Id.*) Thus, according to the United States, the state court lacked jurisdiction to issue or enforce the subpoenas, and for that reason this Court lacks jurisdiction under the doctrine of derivative jurisdiction. (*Id.*)

The Court agrees with the United States. Mr. Sherman has offered no arguments as to why the state court has jurisdiction to enforce the subpoenas, nor why this Court has jurisdiction to compel any of the disclosures he seeks. (*See generally* Opp'n.) Despite

Mr. Sherman's arguments concerning the merits of the subpoena, this Court cannot reach the merits unless it has jurisdiction—which it does not. Agent Borboa is a federal officer, and Mr. Sherman has offered no exceptions to sovereign immunity. Thus, sovereign immunity applies, and the state court lacked jurisdiction to issue or enforce the subpoena.

Furthermore, the state court also lacked authority to issue the bench warrant under federal regulations. Federal regulations provide that when the United States is not a party to an action, Department of Justice employees may not disclose any information or produce any material in response to a state court demand without proper approval from Department officials. *See* 28 C.F.R. § 16.22(a). If Department officials order subordinate employees not to comply with a state court subpoena pursuant to federal regulations, the employees cannot be held in contempt. *United States ex rel Touhy v. Ragen*, 340 U.S. 462, 468 (1951). Here, the United States is not a party to the underlying action, and Agent Borboa's superiors ordered him not to comply with the state court subpoena. Under federal regulations, Agent Borboa had the authority to refuse to comply, and the contempt order by the state court was improper.

## CONCLUSION

Under the doctrine of derivative jurisdiction this Court acquired no jurisdiction when Agent Borboa removed the case because the state court lacked jurisdiction to issue or enforce the subpoenas. Accordingly, the United States' Motion to Quash is **GRANTED**. This case is **DISMISSED**, and the Clerk will close the case.

**IT IS SO ORDERED.**

Dated: October 9, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge